lee, elmer edward v. state 









                                        NO. 12-07-00372-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

GARY
KEITH BUTLER,     §          APPEAL FROM THE SECOND

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          CHEROKEE
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM

            This appeal is being dismissed for want of
jurisdiction.  Appellant was convicted of
burglary of a habitation.  Sentence was
imposed on August 7, 2007.

            Texas Rule of Appellate Procedure 26.2 provides that an
appeal is perfected when notice of appeal is filed within thirty days after the
day sentence is imposed or suspended in open court unless a motion for new
trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  Where a timely motion for new trial has been
filed, notice of appeal shall be filed within ninety days after the sentence is
imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(2).  Appellant did not file a motion for new
trial.  Therefore, his notice of appeal
was due to have been filed on or before September 6, 2007.  However, Appellant did not file his notice of
appeal until September 20, 2007 and did not file a motion for extension of time
to file his notice of appeal as permitted by Texas Rule of Appellate Procedure
26.3.








            On October 4, 2007, this court notified Appellant,
pursuant to Rules 26.2 and 37.2, that the clerk’s record did not show the
jurisdiction of this court, and it gave him until October 15, 2007 to correct
the defect.  In response, Appellant filed
a motion to extend the time for filing his notice of appeal.  Texas Rule of Appellate Procedure 26.3
provides that a motion for extension of time to file a notice of appeal must be
filed within fifteen days of the deadline for filing the notice of appeal.  Tex.
R. App. P. 26.3.  Accordingly,
Appellant was required to file his motion on or before September 21,
2007.  However, the motion was not filed
until October 16, 2007 and therefore was untimely.  See id. 

            Because this court has no authority to allow the late
filing of a notice of appeal except as provided by Rule 26.3, the appeal must
be dismissed.  See Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
Accordingly, the appeal is dismissed for want of jurisdiction.

Opinion
delivered October 24, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)